## IN THE MATTER OF FRANK METRO,
## AN ATTORNEY AT LAW.

Argued December 9, 1976—Decided January 13, 1977.

*Mr. Frederick C. Vonhof* argued the cause for the Essex County Ethics Committee.

Respondent made no appearance.

PER CURIAM. Respondent is a member of the bar of this State, admitted in 1930. He was temporarily suspended from the practice of law by Order of this Court dated December 9, 1976 following the filing of a Presentment against him by the Essex County Ethics Committee.

The record shows that respondent was retained in January 1971 by the family of an intestate decedent to represent the estate. During the course of administration and on October 24, 1974, respondent received $15,017.59 in estate funds representing the proceeds of a mortgage held by the estate. Although the estate is relatively modest and uncomplicated, no New Jersey inheritance tax return has been prepared and

filed, nor accounting had, in the more than six years since decedent's death.

In February 1976 one of the heirs, being dissatisfied with the delay in administering the estate, filed proceedings in the Essex County Court, Probate Division, to compel respondent to account for all estate assets which may have come into his hands. On March 19, 1976, respondent was ordered to render such an account and to file the same with the Surrogate of Essex County by April 12, 1976. To date, this matter has not been satisfactorily resolved.

In answer to the Ethics complaint respondent advised the Committee that the $15,017.59 proceeds of the mortgage were on deposit in a trustee account, Frank Metro, trustee, Account No. 584-2314-6, MidLantic National Bank (Brick Church Branch). However, bank records produced at the Ethics hearing, which respondent failed to attend, show that as of September 30, 1976 the balance in said account was $147.68.

Respondent's refusal to account for the trust funds received by him is inexcusable. It seems clear that he has misappropriated the money and has embarked on a course of delay and evasion, which need not be detailed, in an effort to put off the day of reckoning.

Respondent's failures to appear at the Essex County Ethics Committee hearing and to respond to the Order to Show Cause issued by this Court are a further indication of his attitude. His conduct is a patent violation of DR 1-102(4) (5) and (6) and will not be tolerated. An order of disbarment is to be entered striking his name from the roll. So ordered.

*For disbarment*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*Opposed*—None.

## ORDER

It is ORDERED that FRANK METRO of Bloomfield be disbarred and that his name be stricken from the roll of attorneys of this State, effective immediately, and it is further

ORDERED that FRANK METRO be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that respondent comply with all the regulations of the Supreme Court governing disbarred resigned and suspended attorneys.